UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY M. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  22-1147 (UNA) |
| ) | |
| DEPARTMENT OF JUSTICE *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Columbia, South Carolina, has sued the Departments of Justice, Defense, and Homeland Security, and the U.S. Patent and Trademark Office "for monetary and injunctive relief under the Racketeer Influenced and Corrupt Organizations Act [RICO]."  Compl. Caption.  Sovereign immunity bars a suit against the United States and its agencies except upon consent, and it is "jurisdictional in nature."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Congress "has not waived" the United States' immunity "for claims brought under the RICO Act."  *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (citing *Norris v. Dep't of*

*Def.*, No. 96-5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997) (per curiam) (other citation omitted)).  Therefore, this case will be dismissed by separate order.[1]

Date: May 17, 2022

TREVOR N. McFADDEN
United States District Judge

---

[1] Plaintiff has pending a motion for a temporary restraining order and preliminary injunction, ECF No. 3.  Because consideration would necessitate a merits review, the motion will be denied. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (concluding that the district court erred in dismissing on the merits claims over which it lacked subject matter jurisdiction); *see also Williams v. Romarm S.A.*, 2021 WL 131459, at *7 (D.D.C. Jan. 14, 2021), *appeal dismissed sub nom. Williams v. Romarm, SA, Mfr., Imp. & Distrib. of Semiautomatic Assault Weapon WASR10, Ser. No. CA4367-70*, No. 21-7010, 2022 WL 412449 (D.C. Cir. Feb. 3, 2022) ("It is axiomatic that before a court reviews the merits of any suit, it must ensure that it has both subject matter jurisdiction over the claim and personal jurisdiction over the defendant.") (citing cases)).